In the matter of the claim of John SULLIVAN for compensation under the Workmen's Compensation Law v. LEHIGH VALLEY RAILROAD COMPANY, employer. (Supreme Court, Appellate Division, Third Department. January 5, 1916.) Award unanimously affirmed, on the authority of Matter of Winfield v. N. Y. C. & H. R. R. R. CO., 216 N. Y. 284, 110 N. E. 614. Kellogg, P. J., not sitting.

Mary SUTKAR, by Joseph Sutkar, her guardian ad litem, appellant, v. The NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, respondent. Joseph SUTKAR, respondent, v. SAME, appellant. (Supreme Court, Appellate Division, Second Department. December 24, 1915.) Motions denied.

Halstead SWAN, respondent, v. Florence Berry SWAN, appellant. In re Lester P. DEEVES. (Supreme Court, Appellate Division, Second Department. January 7, 1916.) Motion granted.

William SWANSON and Gustav Swanson, respondents, v. Alice DAVIS, appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1915.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

Luella SWARTWOOD, as sole administratrix, etc., of Harleigh Swartwood, deceased, respt., v. LEHIGH VALLEY RAILROAD COMPANY, applt. (Supreme Court, Appellate Division, Third Department. January 18, 1916.) Motion denied.

TAISHOFF et al., Appellants, v. ELKEMA et al., Respondents. (Supreme Court, Appellate Division, First Department. December 10, 1915.) Action by Benjamin Taishoff and another against Annie V. Elkema and another. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In the Matter of Reuben TALLY. (Supreme Court, Appellate Division, First Department. December 24, 1915.) Motion denied, with $10 costs. Settle order on notice.

Mariam TASHJIAN, as Admx., etc., Appellant, v. Edward A. SPENGEMAN, Respondent. (Supreme Court, Appellate Division, First Department. December 30, 1915.) Appeal from Trial Term, New York County. Action by Mariam Tashjian, as administratrix, against Edward A. Spengeman. From a judgment for plaintiff, and order denying new trial, defendant appeals.

PER CURIAM. We think there was a question of fact for the jury as to the negligence of the defendant and the absence of contributory negligence on the part of the plaintiff. The jury having had those questions submitted to them and having found a verdict of six cents for the plaintiff, such damages are so plainly inadequate as to require a reversal of the judgment. The judgment and order appealed from are therefore reversed and a new trial ordered, with costs to the appellant to abide the event.

Elmer J. TAYLOR, respt., v. JOHN HANCOCK MUTUAL LIFE INS. CO., applt. (Supreme Court, Appellate Division, Fourth Department. January 5, 1916.) Judgment affirmed with costs. All concur.

THEATRES CO. OF AMERICA, Appellant, v. GAUMONT CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 24, 1915.) Action by the Theatres Company of America against the Gaumont Company. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Held, that the papers considered upon the motion were insufficient to warrant the granting of the motion.

THEDFORD–ELTZ COAL CO. v. HYMAN et al. (Supreme Court, Appellate Term, First Department. November 23, 1915.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by the Thedford-Eltz Coal Company against Isaac B. Hyman and another. From a judgment for defendants, plaintiff appeals. Affirmed.

PER CURIAM. Judgment affirmed.

SHEARN, J. (dissenting). I think this judgment is clearly against the weight of evidence. There is no question that the coal was delivered, and the attempt to avoid payment because of the transfer of the property to defendants' wives, and then to a corporation formed by defendants' wives, is an obvious cheat and fraud, and based upon highly technical grounds, which are overcome by the evidence establishing the agency of Ellis Hyman, father of the defendants, in fact as well as by implication and estoppel, which agency, so far as plaintiff is concerned, continued during the period represented by the bill in suit. Plaintiff refused to change the billing of the coal to the corporation, and the subsequent receipt of the coal and bills made out as theretofore were a ratification of the acts of the agent Ellis Hyman. I recommend that the judgment be reversed, and judgment directed in favor of the plaintiffs, with costs.

In the Matter of Charles THURBER, decd. (Supreme Court, Appellate Division, First Department. January 14, 1916.) Motion granted, with $10 costs. Order filed.

Margaret TIDD, respondent, v. C. B. SKINNER and S. W. Skinner, doing business under the name, style and title of C. B. Skinner & Company, appellants. (Supreme Court, Appellate Division, Third Department. January 18, 1916.) Motion granted.

Robert S. TIERNAN, respondent, v. George L. HAVENS, appellant. (Supreme Court, Appellate Division, Second Department. Decem-